UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| GERALD LEROY BARNES, II, | Case No. 3:22-cv-01300-AA |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| DEPUTY BIBBY, | |
| Defendant. | |

AIKEN, District Judge.

      Plaintiff, appearing pro se, files this action pursuant to 42 U.S.C. § 1983. Plaintiff did not submit the $402.00 filing fee and an action may proceed without payment of the filing fee only upon a properly completed Application To Proceed In Forma Pauperis (IFP). *See* 28 U.S.C. § 1915(a). Regardless, plaintiff fails to state a cognizable claim under § 1983 and no amendment would cure the deficiencies of his claim. Accordingly, this action is dismissed, with prejudice.

- 1 -   ORDER OF DISMISSAL

Federal law authorizes federal courts to review cases filed IFP to determine if a claim is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Plaintiff alleges that an unknown official at the Clackamas County Jail stole or misplaced his property, and he names Deputy Bibby, the official "in charge of prisoners' property," as the sole defendant.

Generally, the deprivation of a protected property interest requires a meaningful opportunity to be heard at a meaningful time. *Zinermon v. Burch*, 494 U.S. 113, 126-27 (1990). However, when the alleged deprivation of property arises from an unauthorized action by a prison official, whether intentional or negligent, the Supreme Court "has held that a statutory provision for a postdeprivation hearing, or a common-law tort remedy for erroneous deprivation, satisfies due process." *Id.* at 128; *see Hudson v. Palmer*, 468 U.S. 511, 533 (1984); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).

Here, plaintiff alleges that jail officials either stole or misplaced his property, and Oregon provides an adequate post-deprivation remedy through the Oregon Tort Claims Act. *Gutierrez v.*

- 2 -    ORDER OF DISMISSAL

*Williams*, 505 Fed. App'x 659, 660 (9th Cir. Jan. 17, 2013) (citing Or. Rev. Stat. § 30.260 et seq). Accordingly, he cannot sustain constitutional claim.

No amendment would cure this deficiency, and this action is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this 14th day of September, 2022.

                                           /s/Ann Aiken
                                          Ann Aiken
                                  United States District Judge